## McGEE *v.* WALKER.

ESTATES OF DECEDENTS—EMBLEMENTS.
    As between the heirs and the administrator, the latter is entitled
    to crops growing on lands of the deceased.

Appeal from Kent; Adsit, J. Submitted May 3, 1895. Decided October 1, 1895.

Bill by Richard McGee against Jacob W. Walker, administrator of the estate of Bernard McGee, deceased, to restrain the defendant from interfering with complainant's possession of certain lands. From a decree for complainant, defendant appeals. Reversed.

*Maher & Salsbury,* for complainant.

*Turner & Carroll (Joseph Kirwin,* of counsel), for defendant.

GRANT, J. This is another suit growing out of the same transaction stated in *McGee* v. *McGee,* 105 Mich. 602. After that suit was instituted, and a preliminary injunction issued to restrain the defendants from interfering with the possession of complainant to the real estate described in the deeds to him, he filed this bill, setting forth that the defendant, as administrator of the estate of Bernard McGee, had included the growing wheat upon his land in the inventory, and had appraised it as part of said estate, and claimed the right to the possession and control of the land, and prayed for an injunction. The defendant answered, claiming the crop of wheat, and praying that it be decreed to be a part of the assets of said estate. A preliminary injunction was issued, which, upon the hearing, was made perpetual.

The principal controversy over this land was decided in *McGee* v. *McGee,* the result of which is to leave the title in the heirs. Between the heirs and the administrator, the latter is entitled to the growing crop. Crosw. Ex'rs & Adm'rs, § 349. In such case the rule in *Rough* v. *Womer,* 76 Mich. 375, has no application.

The decree is reversed, with costs of both courts to the defendant.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.